**JIAN QING LIN, Xiu Hua Zheng, Petitioners,**

**v.**

Michael B. MUKASEY,[1] Respondent.

Nos. 05–0696–ag (L), 05–0717–ag (con).

United States Court of Appeals,
Second Circuit.

Nov. 15, 2007.

Karen Jaffe, New York, NY, for Petitioner.

Thomas H. Dupree, Jr., Deputy Attorney General (Leura G. Canary, United States Attorney for the Middle District of Alabama, R. Randolph Neeley, Assistant United States Attorney, Montgomery, Alabama, on the brief), U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Jian Qing Lin and Xiu Hua Zheng petition for review of the BIA's denial of their motion to reopen their deportation and removal proceedings. We presume the parties' familiarity with the underlying facts and procedural history of the case.

At oral argument, the government advised this Court that the BIA's decision denying petitioners' motion to reopen contained an error in that, contrary to the BIA's conclusion, a transcript of the proceedings before the IJ and briefing schedule to the BIA was not sent to the proper office address for petitioners' attorney, Karen Jaffe. Jaffe had argued that she never received the transcript of proceed-

ings or briefing schedule, causing her to fail to file a brief to the BIA on behalf of her clients. The BIA summarily affirmed the IJ decision without an opinion.

This oversight, detected by the government but not by Jaffe, is only one in a series of errors that have prevented petitioners from receiving any substantive review from the BIA or this Court. Throughout these proceedings, Jaffe has demonstrated manifest ineffective assistance of counsel, including that: (1) a Notice of Appeal to the BIA was submitted without including a Notice of Entry of Appearance that listed Jaffe; (2) Jaffe stated that, unbeknownst to her, a paralegal in her office filed the Notice of Appeal without the Notice of Entry of Appearance; (3) Jaffe filed a letter to the BIA, styled as a "motion to reopen" but without attaching any exhibits or affidavits, that she now contends should not have been a motion to reopen; (4) Jaffe failed to file a brief with this Court in compliance with the original scheduling order, and only filed a motion for leave to file a brief out of time one month after the brief was due; (5) Jaffe's late brief then failed to identify the plain error in the BIA opinion, waiving that argument before this Court, and failed to argue any salient points with respect to the pending petition for review; and (6) at oral argument, Jaffe blamed a law student for writing the brief and admitted that she failed to supervise that law student.

This is not the first time Ms. Jaffe's representation before this Court and the BIA has been woefully inadequate. Last year, this Court sanctioned her and ordered that she be relieved in all cases in

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

which, at the time, she had filed an appearance but had not yet filed a brief. *In re Jaffe*, No. 06–9009–am (2d Cir. July 13, 2006). We find that her continued representation of petitioners in this case constitutes a manifest injustice that this Court will not tolerate.

Given the government's acknowledgment of error in the BIA's decision on the motion to reopen and given Jaffe's record of incompetence in this matter, it is hereby ORDERED that Jaffe be relieved as counsel for petitioners, that new counsel be appointed to represent petitioners *pro bono publico,* and that *pro bono* counsel and the government participate in a CAMP conference to discuss the terms of a remand to the BIA to bring to its attention the newly discovered evidence of the BIA's misdirected mailing to Jaffe and the record evidence of Jaffe's ineffectiveness in representing petitioners. Upon remand, we trust that the BIA will consider Jaffe's incompetence throughout these proceedings in determining whether to reopen petitioners' cases.